# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MELISSA G.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C20-1286-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for a finding of disability under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1988, has a GED, and has limited work experience as a temporary cashier in 2011. AR 1965, 2019, 2028-30. In May 2013, Plaintiff applied for benefits, alleging disability as of March 1, 2011. AR 176-81. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. AR 99-106, 112-21, 123-25. After the ALJ conducted a hearing in February 2015 (AR 33-75), the ALJ issued a decision finding Plaintiff not disabled. AR 16-28.

The Appeals Council denied review (AR 1-4), but the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. AR 573-86. The ALJ held another hearing in September 2018 (AR 509-43), and subsequently issued another decision finding Plaintiff not disabled. AR 491-503.

Plaintiff sought judicial review, and the district court again reversed the ALJ's decision and remanded for further administrative proceedings. AR 2092-2107. A different ALJ held a hearing in June 2020 (AR 2012-70), and subsequently issued a decision finding Plaintiff not disabled. AR 1943-66. Plaintiff now seeks review of that final decision. Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

The parties agree that the ALJ's decision contains legal error and must be reversed, but they disagree as to the proper remedy: Plaintiff requests that the Court remand this case for a finding of disability, and the Commissioner argues that a remand for further administrative proceedings would be appropriate.

### A.  Legal Standards

The Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). *Accord Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.")

Before remanding a case for an award of benefits, three requirements must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id.* In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made. *Brown-Hunter*, 806 F.3d at 495 (quoting

*Treichler*, 775 F.3d at 1105). Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison*, 759 F.3d at 1021).

Finally, even with satisfaction of the three requirements, the Court retains flexibility in determining the proper remedy. *Brown-Hunter*, 806 F.3d at 495. The Court may remand for further proceedings "'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id*. (quoting *Garrison*, 759 F.3d at 1021).

### B. A Finding of Disability is the Appropriate Remedy

Plaintiff argued in her opening brief that the ALJ erred in, *inter alia*, failing to address the opinion of treating therapist Marquita Waldron, M.A., and the Commissioner agrees that this error requires remand. Dkt. 21 at 2. Plaintiff argues that the significant delay and the multiple administrative hearings and decisions warrant finality via a remand for a finding of disability. Dkt. 22 at 3-4. The Commissioner argues that the three-step test for remand is not satisfied because further proceedings would be useful to permit the ALJ to address Ms. Waldron's opinion, and that a finding of disability is also inappropriate because the record as a whole raises serious doubt as to whether Plaintiff is in fact disabled. Dkt. 21 at 4.

The Commissioner's argument fails to account for the lengthy procedural history of this case: the ALJ's error in assessing Ms. Waldron's opinion was identified in a prior court remand order (AR 2099-2101), and instead of reconsidering that opinion, the ALJ entirely failed to address that opinion in the most recent decision. Furthermore, Plaintiff challenged several other aspects of the ALJ's decision, which the Commissioner's motion for remand does not address. *Compare* Dkt. 15 *with* Dkt. 21. Remanding for further administrative proceedings to provide the

ORDER REVERSING THE COMMISSIONER'S
DECISION - 4

ALJ a fourth opportunity to properly assess the evidence in this case does not qualify as a "useful purpose" in this Court's lexicon. As Plaintiff noted in Reply (Dkt. 22 at 3), the Commissioner's "argument might hold water if this were the first time that Ms. Waldron's opinion had been in front of an ALJ or if it assessed limitations that were significantly different than those assessed by the other medical sources[,]" but under these circumstances, the Court finds that no further proceedings or development of the case would be useful.

Furthermore, the record does not raise serious doubt as to whether Plaintiff is disabled. Although the Commissioner points to normal findings found on six pages of the record, in the context of a 2,650-page record, such scant findings hardly create a serious conflict with Plaintiff's allegations. *See* Dkt. 21 at 4 (citing AR 338, 355, 419, 463, 751, 1462). Furthermore, the ALJ referred to those findings in discounting Plaintiff's subjective allegations, and the Plaintiff assigns error to those findings but the Commissioner fails to defend those findings in the motion for remand. *See* Dkt. 15, Dkt. 21. The Commissioner's failure to defend the ALJ's assessment of Plaintiff's subjective allegations undercuts his argument that the ALJ properly identified evidence showing that Plaintiff is not, in fact, disabled. *See* Dkt. 21 at 4.

For these reasons, the Court finds that the three-step test has been satisfied: is undisputed that the most recent ALJ decision contains legal error, and the Court finds that further proceedings would serve no useful purpose and that if the erroneously discounted evidence were credited, Plaintiff would be found disabled. The Court has no serious doubts as to whether Plaintiff is disabled, and finds that the significant delay since Plaintiff applied for disability in 2013 also weighs in favor of a finding of disability. Under these circumstances, the Court exercises its discretion to remand this matter for a finding of disability.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for a finding of disability under sentence four of 42 U.S.C. § 405(g).

Dated this 21st day of June, 2021.

S. KATE VAUGHAN
United States Magistrate Judge